IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS SCOTT WERLING,

                     Plaintiff,

  v.                                                OPINION and ORDER

JESSICA BREEZER, et al.,                                 23-cv-215-jdp

                     Defendants.

---

Plaintiff Nicholas Scott Werling, appearing pro se, is currently incarcerated at the Rock County Jail. Werling alleges that his constitutional rights have been violated in a variety of ways by many different groups of governmental and private officials. He has made an initial partial payment of the filing fee as previously ordered by the court.

The next step is for me to screen Werling's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Werling cannot proceed with his claims because his complaint violates the Federal Rules of Civil Procedure.

Werling's complaint includes about two and a half pages listing the various people he names as defendants, including employees of federal, state, and municipal governments and private organizations. He describes what he says is a "vast conspiracy . . . to violate [his] constitutional rights." Dkt. 1, at 6. He describes at least several different sets of events that would not ordinarily belong together in a lawsuit, including:

- He was wrongfully held in state custody as a juvenile under the terms of family-court orders.

- He was physically assaulted while being held in facilities under those family-court orders.

- He was inappropriately involuntarily committed.

- As an adult he was held in pretrial custody on unconstitutionally high bail.

- He currently struggles to create legal submissions because jail staff forces him to handwrite documents.

I conclude that Werling's allegations, at least as they are presently written, violate Federal Rule of Civil Procedure 20, and many of his allegations violate Rule 8 as well. Under Rule 20, defendants cannot be joined together in a lawsuit unless the claims asserted against them arise out of the same occurrence or series of occurrences. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Werling's allegations of a vast conspiracy against him do not plausibly suggest that the dozens of named individuals and the large number of "John Doe" officials included in his complaint worked together to harm him in all the various different ways he discusses in his complaint. And even if he limited his complaint to one of the sets of events listed above, he would not be able to proceed on claims against each person named as a defendant for that set of claims without amending his complaint to explain what each defendant did to violate his rights.

I will give Werling a short time to respond to this order by submitting a brand-new amended complaint, limiting his allegations to those that will fit together into one lawsuit under Rule 20. I will direct the clerk of court to send Werling a copy of the court's prisoner complaint form. Werling may want to start by picking one of the items listed above. But regardless the scope of his amended complaint, Werling should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

If Werling fails to submit an amended complaint by the deadline set below, I will dismiss the case and assess him a "strike" under 28 U.S.C. § 1915(g).

If Werling wishes to pursue claims about events unrelated to the events he selects for his amended complaint, he may file additional lawsuits with brand-new complaints recounting those events. But he will owe another filing fee for each new lawsuit he brings.

Werling has filed additional motions that I will deny. He filed a motion to amend his complaint adding even more allegations that do not resolve the problems noted above. Dkt. 7. He has also filed motions asking for a ruling that the statutes of limitations on claims for events occurring when he was a juvenile are tolled and for a ruling that he is not in state custody for purposes of the discovery rules. Dkts. 12 and 13. This court cannot give Werling legal advice about statutes of limitations. As for the provisions of Rule 26 that Werling discusses, it doesn't matter whether Werling is in state custody or county custody. Either way the parties are exempt from producing initial disclosures under Rule 26(a)(1)(B)(iv), but the parties may still use the

various methods outlined in the Federal Rules of Civil Procedure to obtain discovery. Should Werling submit an amended complaint that states valid claims for relief, the court will hold a preliminary pretrial conference at which Magistrate Judge Stephen Crocker will explain discovery methods in cases like these further.

ORDER

IT IS ORDERED that:

1. Plaintiff Nicholas Scott Werling's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 20.

2. Plaintiff may have until June 27, 2023, to submit a new complaint that complies with Rules 8 and 20.

3. Plaintiff's additional motions, Dkts. 7, 12, and 13, are DENIED.

4. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered June 9, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge