IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS SCOTT WERLING,

                Plaintiff,

v.

JESSICA BREEZER, et al.,

                Defendants.

OPINION and ORDER

23-cv-215-jdp

---

Plaintiff Nicholas Scott Werling, appearing pro se, is currently incarcerated at the Rock County Jail. In his original complaint, Werling alleged that his constitutional rights were violated in a variety of ways by many different groups of governmental and private officials. I dismissed that complaint for violating the Federal Rules of Civil Procedure: he described at least several different sets of events that would not ordinarily belong together in a lawsuit, and many of his allegations were too vague to state claims for relief. Dkt. 16. I directed him to submit an amended complaint. *Id.*

Now Werling has submitted an amended complaint. Dkt. 20. He has also filed a motion for extension of time to submit his amended complaint, Dkt. 19, that I will deny as unnecessary because he has filed his amended complaint within the deadline that I gave him.

Werling has trimmed his allegations to a series of events that might properly belong together in one lawsuit. He now alleges that various unidentified "John or Jane Doe" employees of the Jefferson County department of human services caused him to be civilly committed under Wis. Stat. Ch. 51 in March and November 2021 by "knowingly fil[ing] frivolous petitions for his commitment" and testifying against him in those proceedings. Dkt. 20, at 4.

But these claims are barred because Werling was indeed committed by the state court. A plaintiff may not seek damages for unlawful confinement unless the conviction or other basis for the confinement "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *Heck* originally applied to lawsuits that necessarily implied the invalidity of an underlying criminal conviction, but this doctrine has been expanded to include civil commitments. *See Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015); *Thomas v. Schmitt*, 380 F. App'x 549, 550 (7th Cir. 2010). The *Heck* doctrine applies even though Werling is no longer committed and thus cannot obtain habeas relief. *Savory v. Cannon*, 947 F.3d 409, 420 (7th Cir. 2020). I will dismiss this case without prejudice, subject to Werling refiling it if his commitments are reversed or expunged.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for extension of time to submit his amended complaint, Dkt. 19, is DENIED as unnecessary.

2. This case is DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment for defendants and close the case.

Entered October 18, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge